IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: REFCO INC. SECURITIES LITIGATION | MDL- 1902 |

| | |
|---|---|
| MARC S. KIRSCHNER, As Trustee of the Refco Litigation Trust, <br><br> Plaintiff, <br><br> v. <br><br> GRANT THORNTON LLP, MAYER BROWN, ROWE & MAW, LLP; ERNST & YOUNG U.S. LLP; PRICEWATERHOUSECOOPERS LLP; CREDIT SUISSE SECURITIES (USA) LLC (f/k/a CREDIT SUISSE FIRST BOSTON LLC); BANC OF AMERICA SECURITIES LLC; DEUTSCHE BANK SECURITIES INC.; PHILLIP R. BENNETT; SANTO C. MAGGIO; ROBERT C. TROSTEN; TONE N. GRANT; REFCO GROUP HOLDINGS, INC.; LIBERTY CORNER CAPITAL STRATEGIES, LLC; WILLIAM T. PIGOTT; EMF FINANCIAL PRODUCTS, LLC; EMF CORE FUND, LTD.; DELTA FLYER FUND, LLC; ERIC M. FLANAGAN; INGRAM MICRO, INC.; CIM VENTURES, INC.; BECKENHAM TRADING CO. INC.; ANDREW KRIEGER; COAST ASSET MANAGEMENT, LLC (f/k/a COAST ASSET MANAGEMENT LP); CS LAND MANAGEMENT, LLC; and CHRISTOPHER PETITT, <br><br> Defendants. | Case No. 07 Civ. 11604 (GEL) <br><br> ECF Filed |

**DECLARATION OF SASCHA N. RAND IN SUPPORT OF PLAINTIFF'S OPPOSITION TO ERNST & YOUNG LLP'S MOTION TO STAY PROCEEDINGS AS TO ERNST & YOUNG PENDING MEDIATION AND, IF NECESSARY, ARBITRATION**

Pursuant to 28 U.S.C. § 1746, I, Sascha N. Rand, declare upon personal knowledge as follows:

1. I am over the age of 18 and a member of the law firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP. I am counsel for plaintiff Marc S. Kirshner, as Trustee of the Refco Litigation Trust, in connection with the above-captioned action.

2. I have personal knowledge of the matters set forth herein and submit this Declaration in support of Plaintiff's Opposition To Ernst & Young's Motion To Stay Proceedings As To Ernst & Young Pending Mediation and, If Necessary, Arbitration.

3. Prior and subsequent to the Refco bankruptcy, the electronic as well as paper files maintained on-site at Refco's offices by Refco's executive and operational personnel were preserved and were subsequently loaded into a document database.

4. I have caused a thorough search to be conducted of this document database and certain relevant existing hard copy files for any engagement letters with Ernst & Young and for any dispute resolution procedures related to the Ernst & Young engagement letters identified in the Declaration of Sean M. Berkowitz, dated October 9, 2007 (the "Berkowitz Declaration").

5. This search of Refco's documents did not locate either (i) the May 7, 2001 engagement letter or the "Dispute Resolution Procedures" attached as Exhibit 1 to the Berkowitz Declaration or (ii) any Dispute Resolution Procedures referenced in, or purportedly attached to, Exhibit 2 to the Berkowitz Declaration, dated July 25, 2002, or Exhibit 3 to the Berkowitz Declaration, dated September 9, 2003.

6. This search of Refco's documents did locate a letter, dated July 17, 2002, from Kurt Neidhardt of Ernst & Young to Robert Trosten of Refco Group Ltd., LLC. This July 17,

1

2002 letter enclosed a draft engagement letter, dated May 7, 2001, which is similar, but not identical, to the document attached as Exhibit 1 to the Berkowitz Declaration. A true and correct copy of the July 17, 2002 letter and the draft May 7, 2001 letter, bates labeled REFCO-E-038755120-038755126, is attached hereto as Exhibit A.

7.  This search of Refco's documents also located an October 31, 2002 Ernst and Young engagement letter addressed to Robert Trosten relating to preparation of the "consent for composite filing for various jurisdictions, quarterly composite estimates and quarterly tax letters to the individual tax partners for Refco Group Ltd. LLC." Dispute resolution procedures were attached to this October 31, 2002 engagement letter, which was not signed by Mr. Trosten. A true and correct copy of this October 31, 2002 letter and the attached dispute resolution procedures, bates labeled Refco-HC-0106829-0106833, is attached hereto as Exhibit B.

8.  Neither the Refco Litigation Trust nor the Litigation Trustee has received any correspondence from Ernst & Young requesting mediation of the claims in this matter. The Litigation Trustee has not sent any correspondence to Ernst & Young requesting mediation of the claims in this matter. No mediation has occurred regarding the claims in this matter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746. Executed this 11th day of January, 2007, at New York, New York.

*[signature]*

Sascha N. Rand
Quinn Emanuel Urquhart Oliver &
Hedges LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: (212) 849-7000
Email: *sascharand@quinnemanuel.com*

**VIA FEDERAL EXPRESS**

July 17, 2002

Mr. Robert C. Trosten
Chief Financial Officer
Refco Group Ltd.
One World Financial Center
200 Liberty Street, 23rd Floor
New York, NY 10281

Dear Rob:

Below is the information we will need in order to prepare the 2001 tax returns. Please call me to discuss as soon as possible. I have also included a draft engagement letter which includes some other schedules, etc. that are typically needed to be prepared by Phil Silverman and reviewed by you as usual.

1. *Intercompany payable from RGHI to RGL:*

    This has historically been treated as an interest-bearing obligation for tax purposes.

    Please provide a representation as to whether this obligation is legally enforceable and interest-bearing (interest rate, etc.) per your legal counsel. Also provide entries reflecting interest paid for the 2001 year.

2. *Certification of RGHI dated 5/12/99 (copy attached)*

    Please provide us a representation that, as we discussed, Bawag is not liable for the items mentioned therein, and has agreed to this arrangement as part of the 5/12/99 transaction.

    Please provide a representation as to whether this arrangement is legally enforceable per your legal counsel.

3. *Letter re: any significant RGHI expenses*

    Please provide a letter similar to last year (copy attached) re: any significant expenses at the holding company level (RGHI).

CONFIDENTIAL TREATMENT REQUESTED BY REFCO                                    REFCO-E-038755120

Mr. Robert C. Trosten
July 17, 2002
Page 2

4. *Items Specially Allocated to RGHI per 5/12/99 Certification and Assumption by RGHI (copy attached)*

   We will need a schedule of any expenses or costs of RGL allocated to RGHI per this document, if any.

5. *Analysis of Intercompany Accounts*

   A roll-forward of the intercompany account between RGHI and RGL should be prepared from 5/12/99 (formation of RGL) to 12/31/01. We will need this to present the capital accounts section of the tax return appropriately.

6. *Refco Inc.:*

   a. Redemption of WS (15% shareholder) – Please provide details including purchase agreement and source of funds used. This occurred in Feb. '01.

   b. Distribution of Refco Inc. – In July '01 RGL distributed the stock of Refco Inc. to RGHI. Refco Inc. then contributed the Refco Inc. assets and liabilities (Refco LLC) to RGL for a partnership interest.

   Please verify that this occurred as planned and provide a valuation of Refco Inc. (in writing) at the time of contribution to RGL. This value will be used to determine the percentage interest that Refco Inc. has in RGL for tax purposes.

7. *Bad Debts or Credit Losses from Customers*

   Please make us aware of any such items which may be included in trading income (loss) or any other line item expense.

   Very truly yours,

   Kurt Neidhardt

CC: Michael Meisler

KN/pf

CONFIDENTIAL TREATMENT REQUESTED BY REFCO

REFCO-E-038755121

VIA FEDERAL EXPRESS

May 7, 2001

*DRAFT*

Mr. Robert C. Trosten
Chief Financial Officer
Refco Group Ltd.
One World Financial Center
200 Liberty Street, 23rd Floor
New York, NY 10281

Dear Rob:

This letter will confirm our engagement to prepare the United States federal, state, and local partnership, information, and income tax returns listed on Attachment A for the entities listed on such attachment, with respect to the taxable year ended December 31, 2001. Please advise us in writing if you wish to engage us to prepare returns in addition to those listed on Attachment A.

The partnership, information, and income tax returns described above ("the subject returns") will be prepared by us from information developed from the records of Refco Group Ltd., LLC and its affiliates (collectively, the "Company"), and from information furnished by Company personnel. We are relying upon Company personnel for the accuracy and completeness of its records, as well as for the accuracy of other information supplied to us. Our procedures do not include independent verification of source data beyond that which is necessary for us to sign the returns. Therefore, we will not review or retain data that is not necessary for us to complete the subject returns. Because the work we perform will not constitute an attest engagement in accordance with generally accepted auditing standards, the returns and other data are prepared solely for submission to taxing authorities and are to be used for no other purpose. We are not responsible for any other tax filings including returns of foreign corporations or any withholding or information reporting filings.

In light of the difference between the financial reporting and tax year ends, the complexity and frequency of intercompany transactions that occur between and among the various legal entities comprising the Company, and the general complexity of the Company's various businesses, the following analyses and checklists will be necessary in order to support the amounts reported on the subject returns. We ask that these items be prepared by Company personnel and provided to us no later than August 1, 2002 in order that questions or open items may be resolved prior to the extended filing dates of September 16 and October 15, 2001, for the federal corporate and partnership returns, respectively.

In order to accurately prepare your 2001 return we will need certain representations or documentation in addition to the usual information.

CONFIDENTIAL TREATMENT REQUESTED BY REFCO                                        REFCO-E-038755122

Mr. Robert C. Trosten
May 7, 2001
Page 2

*A. Financial Statement to Subject Return Reconciliation*

Please reconcile the financial reporting income for the period ended February 28, 2002, as reported in the audited financial statements of Refco Group Ltd., LLC ("RGL") and Subsidiaries, to the book income used as the starting point for the 2002 calendar year partnership, information, and income tax returns. We have prepared an Excel template, Attachment B (coming soon; reference last year's for now), to accomplish this task; we presume, however, that certain modifications may be necessary to adapt the template precisely to the Company's facts and circumstances.

The attached hardcopy of Attachment B is solely for illustrative purposes; we are separately providing Company personnel with an electronic version of the attachment to facilitate its completion. Further, we have inserted into the template the financial reporting amounts from RGL and Subsidiaries' financial statements for the period ended February 29, 2001; the reconciliation of this latter period to the 2000 calendar year would provide a substantial basis of support for the 2000 partnership, information, and income tax returns.

Identical reconciliations should be prepared for Refco Group Holdings, Inc. ("RGHI"), viewed on a standalone basis. We will need to review any significant expenses at RGHI to determine their proper deductibility (e.g., capitalizable, amortizable, etc.). As with the reconciliation for RGL and Subsidiaries, the intention is to reconcile the financial reporting income to the book income used as the starting point for the corporate tax returns, providing explanations for all differences not accounted for solely by the different year-ends. Attached, for illustrative purposes, please find an Excel template for RGHI, Attachment C (coming soon; reference last year's for now).

*B. E&Y Partnership, S Corporation, and C Corporation Return Checklists*

Ernst & Young partnership, S corporation, and C corporation return checklists must be completed for RGL, RGHI, and Refco, Inc., respectively, and signed by Company personnel to help ensure that the appropriate issues have been considered as the initial list of Schedule M-1 items is prepared by Company personnel. We have included copies of each of these checklists with this engagement letter and are forwarding electronic versions of each to Company personnel.

The subject returns will be prepared in accordance with professional standards and may be processed by a contract computer service that has agreed to maintain confidentiality of the information furnished. We will maintain the information you provide to us in confidence within our firm and will not disclose to others your confidential information except with your consent or as required by law or permitted under professional standards of the accounting profession.

All advice and other services we provide pursuant to this engagement are intended to be solely for the benefit of the Company and are not for the benefit of anyone else. Accordingly, our advice

CONFIDENTIAL TREATMENT REQUESTED BY REFCO                                      REFCO-E-038755123

Mr. Robert C. Trosten
May 7, 2001
Page 3

may not be relied upon by any other person or persons, used in connection with any other transaction, or used for any other purpose without our prior written consent. Furthermore, the content of any oral or written communication made by us in connection with this engagement shall not be communicated to the public or otherwise publicized in any manner without our prior written consent.

Information relating to federal tax advice we provide to you, including communications between us and material we create in the course of providing that advice, may be privileged and protected from disclosure to the Internal Revenue Service ("IRS"). Should the IRS seek disclosure from you or us of written or oral communications relating to such advice, we will discuss with you whether and how you assert, or waive, the privilege.

- We estimate our fees for the preparation of the subject returns to be approximately $350,000 (at 80% of our standard rates) plus expenses including a processing charge of 4% (consisting primarily of computer charges). Payment of these fees will be in three installments, beginning with a first installment due on or before August 31, 2002. The first two installments will be in the amount of $120,000 each and the third installment, due on or before October 31, 2001, will be based on actual time incurred through October 15, 2001, plus expenses, and less the previous two installments.

- Our fee assumes that satisfactory information will be provided by Company personnel in a timely manner. Our fee also assumes that appropriate assistance will be provided by Company personnel on a timely basis, and that the scope and complexity of the return are consistent with our prior discussions and experience with the Company. If, during the course of the engagement covered by this letter, it becomes apparent that the fee will exceed this range, we will discuss with you the adjustments to be made to our fee arrangements. In subsequent years, we will provide you with a similar estimate of our fees and expenses prior to commencement of our work. Additional services will be discussed with you and invoiced separately.

In the event we are requested or authorized by the Company or are required by government regulation, subpoena or other legal process to produce our documents or personnel as witnesses with respect to our engagements for the Company, the Company will, so long as we are not a subject of the investigation or proceeding in which the information is sought, reimburse us at our standard billing rates for our professional time and expenses, as well as the fees and expenses of our counsel, incurred in responding to such requests.

Ernst & Young LLP will not be liable for any claim for damages arising out of or in connection with any tax services provided to the Company in an amount greater than the amount of fees actually paid to Ernst & Young LLP with respect to the services directly relating to and forming the basis of such claim.

Any controversy or claim arising out of or relating to tax and tax related services now or hereafter provided by us to the Company (including any such matter involving any parent, subsidiary, affiliate, successor in interest, or agent of the Company or of Ernst & Young LLP)

Mr. Robert C. Trosten<br>
May 7, 2001<br>
Page 4

shall be submitted first to voluntary mediation, and if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures set forth in the attachment to this letter.

Except as expressly provided herein, this engagement letter does not modify the terms or provisions of any engagement letter for other professional services that were agreed to prior to the date noted below.

If any portion of this letter is held to be void, invalid, or otherwise unenforceable, in whole or part, the remaining portions of this letter shall remain in effect.

If these arrangements are acceptable, please sign one copy of this letter and return it to Steven Cappel. If you have any questions concerning this engagement, please call Steven Cappel, who coordinates our tax services to you, at (212) 773-7808.

We very much appreciate the opportunity to perform these tax services for the Company.

Very truly yours,

Refco Group Ltd., LLC

By: _____
    Robert C. Trosten, CFO         Date

CONFIDENTIAL TREATMENT REQUESTED BY REFCO    REFCO-E-038755125

Mr. Robert C. Trosten
May 7, 2001
Page 5

BCC:     Yoav Citron

CONFIDENTIAL TREATMENT REQUESTED BY REFCO                    REFCO-E-038755126

**≡⫼ ERNST & YOUNG**

■ Ernst & Young LLP
5 Times Square
New York, New York 10036-6530

■ Phone: (212) 773-3000
www.ey.com

October 31, 2002

Mr. Robert C. Trosten
Refco Group Ltd. LLC
One Financial Center
200 Liberty Street
New York, NY 10281

Dear Robert:

This letter will confirm our engagement to prepare the consent for composite filing for various jurisdictions, quarterly composite estimates and quarterly tax letters to the individual tax partners for Refco Group Ltd. LLC ("the LLC") for the tax year ended December 31, 2002. These composite estimates and quarterly tax letters are based on information submitted by you.

In providing the services described above, we are relying on certain representations of the management of the LLC with respect to the fact that certain payments to members of the LLC constitute guaranteed payments under Section 707(c) of the Internal Revenue Code and are not subject to self employment tax to the extent such payments would otherwise become allocable to such members (i.e., in the absence of treating such payments as guaranteed payments).

In addition to the preparation of the subject matter, we will be pleased to respond to your requests for advice regarding specific tax problems you may encounter and on income tax planning issues. The scope of such engagements and our fees for such services may be contained in separate engagement letters if the work to be performed is significant. Unless you have specifically sought our advice, we cannot assume any responsibility for advising the LLC on tax consequences of future transactions it enters into or the effects of developments in the tax law. To be of greatest assistance to the LLC, we should be advised in advance of any major transactions the LLC proposes to undertake.

Should the composite filings be selected for examination by the state tax authorities, upon your request we also will be pleased to assist you in discussions with these authorities and in preparing any refund claims or protests that may be necessary to obtain a final determination of the LLC's tax liability. The scope of such engagement and our fee for such services may be contained in a separate engagement letter if the work to be performed is significant.

Information relating to tax advice we provide to you, including communications between us and material we create in the course of providing that advice, may be privileged and protected from disclosure to the relevant tax authorities. Should the tax authorities seek disclosure from you or us of written or oral communications relating to such advice, we will discuss with you whether and how you assert, or waive, the privilege.

CONFIDENTIAL TREATMENT REQUESTED BY REFCO          REFCO-HC-0106829

**≡ǁ ERNST & YOUNG**                                  ■ Ernst & Young LLP

Mr. Robert C. Trosten
Refco Group Ltd. LLC
October 31, 2002
Page Two

We consider all nonpublic information about our clients to be confidential. This includes personal and financial information provided by you or by others, as well as information we generate on your behalf. It is our policy not to disclose client information to our affiliates except in connection with the rendering of tax preparation services to you. It is our policy not to disclose client information to nonaffiliated third parties except as required by law, without client consent. Ernst & Young LLP personnel and contractors working under the firm's supervision must observe the firm's policies concerning confidential client information, and we employ security systems designed to protect against unauthorized access and use of confidential information.

Our fees will be based on our hourly rates which range from $250 to $550, plus expenses.

Ernst & Young LLP will not be liable for any claim for damages arising out of or in connection with this engagement or any future tax services engagement in an amount greater than the amount of fees actually paid to Ernst & Young LLP with respect to the services directly relating to and forming the basis of such claim.

Neither of us will, in any event, be liable to the other, for any reason, for any consequential, incidental, special, punitive or indirect damages, including loss of profits, revenue, data, use of money or business opportunities, regardless of whether notice has been given or there is an awareness that such damages have been or may be incurred.

Any controversy or claim arising out of or relating to services covered by this letter or hereafter provided by us to you at your request (including any such matter involving any person or entity for whose benefit the services in question are or were provided), shall be submitted first to voluntary mediation, and if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures set forth in Attachment to this letter. Judgment on any arbitration award may be entered in any court having jurisdiction.

All advice and other services we provide pursuant to this engagement are solely for you and are not for the benefit of anyone other than you.

Generally, the work will not be delivered until after this engagement letter is signed by the LLC and returned to E&Y.

Except as expressly provided herein, this engagement letter does not modify the terms or provisions of any engagement letter for other professional services, which were agreed to prior to the date noted below.

If any portion of this letter is held to be void, invalid, or otherwise unenforceable, in whole or part, the remaining portions of this letter shall remain in effect.

CONFIDENTIAL TREATMENT REQUESTED BY REFCO                               REFCO-HC-0106830

**≡JJ ERNST & YOUNG**                        ■ Ernst & Young LLP

Mr. Robert C. Trosten
Refco Group Ltd. LLC
October 31, 2002
Page Three

If these arrangements are acceptable, please sign one copy of this letter and return it to Anne Falvey. A stamped, self-addressed envelope is enclosed for your convenience.

If you have any questions concerning our engagement, please call Anne Falvey at (212) 773-6738, who coordinates our individual tax services to you.

We very much appreciate the opportunity to perform these tax services for the LLC.

Very truly yours,

*Ernst & Young LLP*

Refco Group Ltd. LLC

By: _____     _____
     Robert Trosten                                                Date

Attachment

CONFIDENTIAL TREATMENT REQUESTED BY REFCO                                    REFCO-HC-0106831

≡ǀ *ERNST & YOUNG*                  ■ Ernst & Young LLP

**Attachment A**

### Dispute Resolution Procedures

The following procedures shall be used to resolve any controversy or claim ("dispute") as provided in our engagement letter of September 26, 2002. If any of these provisions are determined to be invalid or unenforceable, the remaining provisions shall remain in effect and binding on the parties to the fullest extent permitted by law.

*Mediation*

A dispute shall be submitted to mediation by written notice to the other party or parties. The mediator shall be selected by agreement of the parties. If the parties cannot agree on a mediator, a mediator shall be designated by the CPR Institute for Dispute Resolution at the request of a party. Any mediator so designated must be acceptable to all parties.

The mediation shall be conducted as specified by the mediator and agreed upon by the parties. The parties agree to discuss their differences in good faith and to attempt, with facilitation by the mediator, to reach an amicable resolution of the dispute. The mediation shall be treated as a settlement discussion and therefore shall be confidential. The mediator may not testify for either party in any later proceeding relating to the dispute. No recording or transcript shall be made of the mediation proceedings.

Each party shall bear its own costs in the mediation. The fees and expenses of the mediator shall be shared equally by the parties.

*Arbitration*

If a dispute has not been resolved within 90 days after the written notice beginning the mediation process (or a longer period, if the parties agree to extend the mediation), the mediation shall terminate and the dispute shall be settled by arbitration. The arbitration will be conducted in accordance with the procedures in this document and the Rules for Non-Administered Arbitration of the CPR Institute for Dispute Resolution ("Rules") as in effect on the date of the engagement letter, or such other rules and procedures as the parties may designate by mutual agreement. In the event of a conflict, the provisions of this document will control.

The arbitration will be conducted before a panel of three arbitrators, two of whom are to be designated by the parties from the CPR Panels of Distinguished Neutrals using the screened selection process provided in the Rules. Any issue concerning the extent to which any dispute is subject to arbitration, or concerning the applicability, interpretation, or enforceability of these procedures, including any contention that all or part of these procedures are invalid or unenforceable, shall be governed by the Federal Arbitration Act and resolved by the arbitrators. No potential arbitrator shall be appointed unless he or she has agreed in writing to abide and be bound by these procedures.

The arbitration panel shall have no power to award non-monetary or equitable relief of any sort. It shall also have no power to award (a) damages inconsistent with any applicable agreement between the parties or (b) punitive damages or any other damages not measured by the prevailing party's actual damages; and the vparties expressly waive their right to obtain such damages in arbitration or in any other forum. In no

CONFIDENTIAL TREATMENT REQUESTED BY REFCO                                    REFCO-HC-0106832

**≡ℐ ERNST & YOUNG**            ■ Ernst & Young LLP

**Attachment A (Cont'd.)**

event, even if any other portion of these provisions is held to be invalid or unenforceable, shall the arbitration panel have power to make an award or impose a remedy that could not be made or imposed by a court deciding the matter in the same jurisdiction.

Discovery shall be permitted in connection with the arbitration only to the extent, if any, expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery.

All aspects of the arbitration shall be treated as confidential. The parties and the arbitration panel may disclose the existence, content or results of the arbitration only as provided in the Rules. Before making any such disclosure, a party shall give written notice to all other parties and shall afford such parties a reasonable opportunity to protect their interests.

The result of the arbitration will be binding on the parties, and judgment on the arbitration award may be entered in any court having jurisdiction.

CONFIDENTIAL TREATMENT REQUESTED BY REFCO            REFCO-HC-0106833