IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: REFCO INC. SECURITIES LITIGATION | MDL-1902 |

| | |
|---|---|
| MARC S. KIRSCHNER, As Trustee of the Refco Litigation Trust,<br><br>      Plaintiff,<br><br>      v.<br><br>GRANT THORNTON LLP; MAYER BROWN, ROWE & MAW, LLP; ERNST & YOUNG U.S. LLP; PRICEWATERHOUSECOOPERS LLP; CREDIT SUISSE SECURITIES (USA) LLC (f/k/a CREDIT SUISSE FIRST BOSTON LLC); BANC OF AMERICA SECURITIES LLC; DEUTSCHE BANK SECURITIES INC.; PHILLIP R. BENNETT; SANTO C. MAGGIO; ROBERT C. TROSTEN; TONE N. GRANT; REFCO GROUP HOLDINGS, INC.; LIBERTY CORNER CAPITAL STRATEGIES, LLC; WILLIAM T. PIGOTT; EMF FINANCIAL PRODUCTS, LLC; EMF CORE FUND, LTD.; DELTA FLYER FUND, LLC; ERIC M. FLANAGAN; INGRAM MICRO, INC.; CIM VENTURES, INC.; BECKENHAM TRADING CO. INC.; ANDREW KRIEGER; COAST ASSET MANAGEMENT, LLC (f/k/a COAST ASSET MANAGEMENT LP); CS LAND MANAGEMENT, LLC; and CHRISTOPHER PETITT,<br><br>      Defendants. | Case No. 07 Civ. 11604 (GEL)<br><br>ORAL ARGUMENT REQUESTED<br><br>ECF Filed |

**SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO ILLINOIS STATE COURT**

# **TABLE OF AUTHORITIES**

## **Cases**

**Page**

*Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505 (4th Cir. 2003).................................. 3, 4

*Beightol v. UBS Painwebber (In re Global Crossing Ltd. Secs. Litig.)*, 311 B.R. 345 (S.D.N.Y. 2003) ............................................................................................................................. 1

*Celotex Corp. v. Edwards*, 514 U.S. 300 (1995) ......................................................... 6

*DiLaura v. Power Authority of State of N.Y.*, 982 F.2d 73 (2d Cir. 1992) ..................................... 3

*In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 256 F.Supp.2d 884 (S.D. Ind. 2003) 5

*In re Cuyahoga Equip. Corp.*, 980 F.2d 114 (2d Cir. 1992).......................................................... 1

*In re FedPak Sys., Inc.*, 80 F.3d 207 (7th Cir. 1996) ....................................................................... 1

*In re Korean Air Lines Disaster*, 829 F.2d 1171 (D.C. Cir. 1987) ............................................. 2, 4

*In re Linerboard Antitrust Litig.*, 2005 WL 1625040 (E.D. Pa. Jul. 11, 2005) .............................. 5

*In re MTBE Products Liability Litig.*, 2005 WL 106936 (S.D.N.Y. Jan. 18, 2005).................. 2, 3

*In re MTBE Products Liability Litig.*, 241 F.R.D. 185 (S.D.N.Y. 2007)............................ 2, 3, 4, 5

*In re MTBE Products Liability Litig.*, 241 F.R.D. 241 (S.D.N.Y. 2007)...................................... 3, 5

*In re Seven Fields Dev. Corp.*, 505, F.3d 237 (3d Cir. 2007) ......................................................... 6

*In re WorldCom Secs. Litig.*, 293 B.R. 308 (S.D.N.Y. 2003)......................................................... 6

*Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998)................................ 2, 3

*McLearn v. Cowen & Co.*, 660 F.2d 845 (2d Cir. 1981) ............................................................... 3

*Menowitz v. Brown*, 991 F.2d 36 (2d Cir. 1993)............................................................................ 2

*Rose v. City of Allentown*, 2007 WL 30834 (3d. Cir. Jan. 5, 2007)................................................ 3

*Stoe v. Flaherty*, 436 F.3d 209 (3d Cir. 2007) ................................................................................ 7

*Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781 (2d Cir. 1994) ................................. 3

*Trans World Airlines, Inc. v. Icahn (In re Trans World Airlines, Inc.)*, 278 B.R. 42 (Bankr. D. Del. 2002) ..................................................................................................................... 7

## **STATUTES**

28 U.S.C. § 1334................................................................................................................. 6, 7

28 U.S.C. § 1404 .................................................................................................................... 2

28 U.S.C. § 1407 ........................................................................................................... 2, 3, 4, 5

28 U.S.C. § 1447 .................................................................................................................... 3

## **<u>RULES</u>**

Fed. R. Civ. P. 12 .................................................................................................................... 3

Fed. R. Civ. P. 23 .................................................................................................................... 3

Fed. R. Civ. P. 30 .................................................................................................................... 4

Ill. S. Ct. R. 202 ...................................................................................................................... 4

Ill. S. Ct. R. 206 ...................................................................................................................... 4

## **<u>OTHER AUTHORITIES</u>**

Wright & Miller, *Federal Practice and Procedure* (1981) ............................................................ 4

Plaintiff Marc Kirschner, in his capacity as Trustee of the Refco Litigation Trust (the "Trustee"), submits this supplemental memorandum addressing the applicable standards for removal and remand in light of the transfer of this action to this District by the Judicial Panel on Multidistrict Litigation (the "JPML").

## I. THE COURT SHOULD APPLY THE SEVENTH CIRCUIT'S "RELATED TO" STANDARD TO PLAINTIFF'S MOTION TO REMAND

The transfer of this action to this District by the JPML presents the Court with the threshold question of whether to apply the Seventh or Second Circuit's "related to" bankruptcy standard in ruling on the Trustee's remand motion.

"Related to" jurisdiction in the Northern District of Illinois, to which this action will be remanded for trial, focuses on whether a dispute "affects the amount of property for distribution [i.e., by the debtor's estate] or the allocation of property [i.e. of the debtor's estate] among creditors." *In re FedPak Sys., Inc.*, 80 F.3d 207, 213-14 (7th Cir. 1996) (first bracket in original). Because the claims of the Refco Estates were irrevocably transferred to the Litigation Trust over a year ago in conjunction with the confirmation of the Refco plan of liquidation (the "Refco Plan"), this action can have no effect on the "assets" of the Refco estates and is not related to the Refco bankruptcy proceeding under Seventh Circuit law.[1] This Circuit, in contrast, has adopted a broader test which focuses on whether a dispute might have a "conceivable effect" on the administration of the debtor's estate. *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110 (2d Cir. 1992); *Beightol v. UBS Painwebber (In re Global Crossing, Ltd. Secs. Litig.)*, 311 B.R. 345, 347 (S.D.N.Y. 2003). The difference between the two standards is considerable and, as Judge Holderman noted in staying adjudication of the Trustee's remand motion, the difference could

---

[1] *See* Memorandum of Law in Support of Plaintiff's Motion to Remand to Illinois State Court (Plaintiff's "Remand Mem.") at 3-4, 6-9; Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Remand to Illinois State Court ("Remand Reply Mem.") at 1-8; Declaration of Marc S. Kirschner in Support of Plaintiff's Motion to Remand to Illinois State Court ("Kirschner Decl.") at ¶¶ 5-12.

1

"result in 'related to' jurisdiction existing in one venue but not the other." *See* Holderman Stay Decision ("Stay Dec.") at 2, attached to the January 10, 2008 letter of Phillip Anker to the Court.

None of the justifications for applying MDL transferee court law to pretrial issues supports application of the Second Circuit's "related to" jurisdictional standard here. To the contrary, failure to apply Seventh Circuit law would amount to a failure to determine that there is federal subject matter jurisdiction over this action sufficient to conduct not only pretrial proceedings, but to permit trial of this action in the Northern District of Illinois. Applying Second Circuit law would prejudice the parties, result in inefficiencies and frustrate, not promote, the "just and efficient conduct" of this action as required by 28 U.S.C. § 1407.

In *Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), the Supreme Court ended the long-standing practice of MDL transferee courts retaining cases for trial through self-transfer under 28 U.S.C. § 1404(a). In so doing, *Lexecon* undermined a principal justification, articulated by the D.C. Circuit in *In re Korean Air Lines Disaster*, 829 F.2d 1171, 1176 n.9 & 1178-79 (D.C. Cir. 1987) (D.H. Ginsburg, J., concurring), for applying transferee court law on all issues of federal law in MDL transferred cases: self-transfer to the transferee court for trial obviated any need for transferor court law to apply to either trial or pretrial federal issues.[2] *See In re MTBE Products Liability Litig. ("MTBE I")*, 2005 WL 106936, at *4 (S.D.N.Y. Jan. 18, 2005) ("[T]he reasoning of *Lexecon* undercuts *In re Korean Air Lines* and its progeny in two ways"); *In re MTBE Products Liability Litig. ("MTBE II")*, 241 F.R.D. 185, 191 (S.D.N.Y. Feb. 20, 2007) (application of transferee court law to trial related issues was only just and efficient "[s]o long as most transferee courts engaged in a self-transfer, and thus presided over the trial").

---

[2] Given the limited risk that the case would be remanded to the transferor court for trial, courts also reasoned before *Lexecon* that applying the transferee court's law was consistent with federal law's purported unitary nature. *See Korean Air*, 829 F.2d at 1175-76; *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) (transferee court law applies to transferred cases because federal law should be "unitary").

2

Following *Lexecon*, courts in this District have concluded that in determining whether to apply transferee or transferor law, the court must evaluate whether application of transferee law will promote the "just and efficient conduct" of the transferred case and § 1407's goal of eliminating "delay, confusion, conflict, inordinate expense and inefficiency during the pretrial period." *MTBE I*, 2005 WL 106936, at *5. Where a legal issue is not merely of a pretrial nature, and application of the transferee court's law will frustrate, rather than serve, the just and efficient conduct of the transferred action, the court should apply the law of the transferor court. *See MTBE II*, 241 F.R.D. at 193 (because the "authority of the transferee court in multidistrict proceedings ends once the pretrial proceedings are completed," the law of the transferor court should determine whether a class should be certified under Fed. R. Civ. P. 23); *In re MTBE Products Liability Litig.* ("*MTBE III*"), 241 F.R.D. 435, 441 (S.D.N.Y. Jan. 3, 2007) (same).

While it is necessary for a court to consider subject matter jurisdiction in the pretrial phase of litigation, subject matter jurisdiction may be raised by any party, or by the court *sua sponte*, at any time and must be examined by federal courts "at all stages of litigation." *See Rose v. City of Allentown*, 2007 WL 30834, at *4 (3d Cir. Jan. 5, 2007). Indeed, in a case removed from state court, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Nor is reconsideration of subject matter jurisdiction foreclosed by the law of the case doctrine. *See DiLaura v. Power Authority of State of N.Y.*, 982 F.2d 73, 77 (2d Cir. 1992) ("[S]ubject matter jurisdiction is particularly suited for reconsideration."); *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 786 (2d Cir. 1994); *McLearn v. Cowen & Co.*, 660 F.2d 845, 849 (2d Cir. 1981).[3]

---

[3] As the Fourth Circuit observed in *Am. Canoe Ass'n v. Murphy Farms, Inc.*, "[t]he ultimate responsibility of the federal courts . . . is to reach the correct judgment under law. Though that obligation may be tempered at times by concerns of finality and judicial economy, nowhere is it greater and more unflagging in the context of subject matter jurisdiction issues, which call into question the very legitimacy

Upon remand of this action to the Northern District of Illinois for trial, that court (or the Seventh Circuit in the context of any appeal) will have to reevaluate whether there is federal jurisdiction over the action under the Seventh Circuit's narrower "related to" standard. Unless this Court applies the Seventh Circuit standard, when this action is returned to the Northern District of Illinois for trial it will still be subject to remand to Illinois state court. *See* Holderman Stay Dec. at 2-3 (recognizing that subject matter jurisdiction over this action may be absent under Seventh Circuit law). Forcing the parties to conduct federal pretrial discovery without first determining that there is federal subject matter jurisdiction to try the action would be grossly inefficient and would substantially prejudice the parties. *See MTBE II*, 241 F.R.D. at 193 ("It would be neither just nor efficient to apply the law of this Circuit in considering class certification, and then force the transferor court to try a class action that it might never have certified."). For example, because Illinois's evidentiary rules for fact depositions differ from federal practice, much of the federal discovery may be rendered inadmissible at trial in Illinois state court.[4] As the D.C. Circuit cautioned in *Korean Air*, where, as here, the law of the case doctrine does not make the transferee court's decisions on federal law binding, "transfers under 28 U.S.C. § 1407 could be counterproductive, i.e. capable of generating rather than reducing the duplication and protraction Congress sought to check." *Korean Air*, 829 F.2d at 1176.

Nor will application of the Seventh Circuit's "related to" standard here result in inefficiency, confusion, or inconsistent pretrial rulings. *See MTBE II*, 241 F.R.D. at 193

---

of a court's adjudicatory authority." 326 F.3d 505, 515 (4th Cir. 2003); *see also* Wright & Miller, *Federal Practice and Procedure* § 4478, at 799 n.32 (1981) ("Questions of subject matter jurisdiction are particularly apt to be free of law of the case principles . . . [and] federal subject-matter jurisdiction remains open until there is no more opportunity to continue the proceeding by appeal.").

[4] Illinois state court rules distinguish between "discovery" depositions and "evidentiary" depositions. *See* Ill. S. Ct. R. 202. Only testimony obtained in an evidentiary deposition may be used to present a party's affirmative case at trial (in lieu of an in person witness), and thus when taking evidence depositions all evidentiary foundations must be made by the deposing party, and all objections, including hearsay objections, must be made by the party being deposed. *See* Ill. S. Ct. R. 206(c)(2). ("In an evidence deposition the examination and cross examination shall be the same as though the deponent were testifying at trial."). Because a deposition pursuant to Fed. R. Civ. P. 30 is analogous to an Illinois state court discovery, not evidentiary, deposition, testimony taken pursuant to the Federal Rules may not be admissible at trial in Illinois state court. If the action were remanded to Illinois state court, the Trustee still has every intention of coordinating discovery with the Refco-related actions pending in this Court, but would do so under the supervision of, and pursuant to procedures approved by, the Illinois state trial court in which the action would be pending and tried.

4

(rationale for applying transferee court's law to pretrial issues is to prevent the confusion and inefficiencies caused by application of precedent from the "*many* circuits from which the cases were transferred" to a single issue) (emphasis added). This is the only case transferred to this Court by the JPML and the only motion to remand an action commenced by the Refco Litigation Trust.[5] There is, thus, no risk of conflicting jurisdictional decisions.[6]

Applying the Second Circuit's "related to" standard would force the parties to engage in federal pretrial discovery without determining whether there is federal subject matter jurisdiction over the action in the court where the case will be remanded for trial. This would thus frustrate, not promote, the purposes of section 1407.

## II. EVEN UNDER SECOND CIRCUIT LAW, THIS ACTION IS NOT RELATED TO THE REFCO BANKRUPTCY PROCEEDING

Even if this Court were to apply the Second Circuit's broader "related to" standard, any purported effect this action will have on the administration of the Refco debtors' liquidation is attenuated at best. Defendants assert, in sum, that the Litigation Trust, a post-confirmation assignee of the Refco Debtors' litigation claims, is related to the Refco debtors' bankruptcy because (i) it was formed in conjunction with the Refco Plan, (ii) the Trustee was appointed pursuant to the Plan; and (iii) the Litigation Trust recoveries will be distributed to beneficiaries who are also creditors of the Refco Debtors. *See* Removing Defendants' Notice of Removal at

---

[5] The only other remand motion pending in the MDL relates to the action asserting the private claims of former Refco customers filed by the Non-Estate Private Actions Trust (the "PAT") (Case No. 07 CV 8165 (GEL)) in New York State Supreme Court. The Litigation Trust's motion to remand raises distinctly different questions of "related to" jurisdiction and substantive state law than the private claims asserted by the PAT.

[6] While *MTBE III* suggests in dicta that subject matter jurisdiction and remand are pretrial issues governed by the transferee court's law, both decisions cited by the court for support involved diversity, not "related to," jurisdiction and neither addressed the inapplicability of the law of the case doctrine. 241 F.R.D. at 439 & n.15. In addition, one decision arose in the inapposite situation where the court was faced with numerous cases from various jurisdictions, while the other decision took the transferor court's law into account. *See In re Bridgestone/Firestone, Inc., Tires Prods. Liability Litig.*, 256 F.Supp.2d 884 (S.D. Ind. 2003) (addressing remand motions in cases transferred from various jurisdictions hinging on satisfaction of § 1332's amount in controversy requirement); *In re Linerboard Antitrust Litig.*, 2005 WL 1625040, at *7 n.7 (E.D. Pa. July 11, 2005) (observing that transferor court's law concerning the principal place of business of a corporation for diversity purposes was consistent with that of the transferee court).

5

3-5. Because the Refco Debtors' claims were irrevocably transferred to the Litigation Trust and any recoveries on these claims will be distributed to Trust beneficiaries by the Trust, not the Debtors, the Refco estates retain no interest in the claims.[7] Adjudication of these claims, therefore, cannot have any conceivable effect on the Refco Debtor estates being liquidated or their administration.[8] *See generally Celotex Corp. v. Edwards*, 514 U.S. 300, 310 (1995) (recognizing disparity in the breadth of "related to" jurisdiction between *reorganizations*, where the third party action may interfere with the debtor's ability to successfully reorganize, and *liquidations*, where the debtor ceases to exist); *see also In re WorldCom Secs. Litig.*, 293 B.R. 308, 317 (S.D.N.Y. 2003).[9]

## III. EVEN IF THIS COURT FINDS "RELATED TO" JURISDICTION TO EXIST, IT MUST ABSTAIN PURSUANT TO 28 U.S.C. § 1334

Even if this Court determines that Second Circuit law applies and that this action is related to the Refco liquidation proceedings, abstention in favor of remand to Illinois state court is both mandatory and appropriate under 28 U.S.C. § 1334(c). As this action asserts only state

---

[7] In addition, the Refco Plan of liquidation was confirmed over a year ago. *See generally In re Seven Fields Dev. Corp.*, 505, F.3d 237, 265 (3d Cir. 2007) (stating that in the post-confirmation stage "there no longer is an estate that can be affected" for purposes of "related to" jurisdiction).

[8] The only case from this Circuit that Defendants have cited in previous briefing to support the proposition that claims asserted post-confirmation by a third-party trust are related to a debtor's liquidation is the unreported opinion of the Bankruptcy Court of the Northern District of New York in *In re Argway* (attached as Exhibit F to the Declaration of Dawn Wilson dated October 17, 2007). Unlike here, in *Argway*, the liquidation trustee commenced its action in the bankruptcy court, not state court, and the court, not the Trustee, questioned jurisdiction. Furthermore, the court based its jurisdiction on the fiction that the third-party liquidation trust was "administering the debtor's estate." Here, the Refco Debtor plan administrators, not the Litigation Trust, are administering the liquidation of the Refco estates. *See* Refco Plan at §§ 5.5, 5.6. Indeed, the court in *Argway* conceded (at 9) that the mere possibility for enhancement of the newly created "post-confirmation entity's assets, in and of itself, does not serve as a basis for finding 'related to' jurisdiction."

[9] Neither of Defendants' other purported grounds for jurisdiction – that Grant Thornton's hypothetical contribution claims, which would be disallowed if liquidated, could impact on estate assets, or that Refco's D&O insurance, which will be exhausted by the pending criminal trial and is not an asset that can be distributed to creditors, could be utilized to defend against this action – provides independent bases for "related to" jurisdiction. *See* Remand Mem. at 10; Remand Reply Mem. at 10-11. *See* discussion in Private Action Trustee's Reply Memorandum in Support of Plaintiff's Motion to Remand to New York State Court (Case No. 07 CV 8165 (GEL) at 12-15. A catch-all retention of jurisdiction over the claims in a bankruptcy plan is also insufficient to confer federal "related to" jurisdiction. *See* Remand Reply at 8.

law claims and there is no other basis for federal jurisdiction, Defendants are limited to contending that abstention is not appropriate on the sole ground that this action cannot be timely adjudicated in state court. Defendants have, however, failed to rebut the evidence that the Commercial Calendar of the Cook County Court can resolve this case expeditiously, and that adjudication of the case in state court will not interfere with the ongoing liquidation of the Refco estates. *See* Remand Reply Mem. at 12-14 and supporting affidavits of John R. McCambridge and Stephen A. Schiller (attesting to the sophistication, efficiency and speed at which the Commercial Calendar deals with complex commercial cases). Nor is Defendants' blanket assertion that a case cannot be timely adjudicated in state court if it overlaps with securities and other fraud cases pending in federal court consistent with the purpose and legislative history of § 1334(c). *See Trans World Airlines, Inc. v. Icahn (In re Trans World Airlines, Inc.)*, 278 B.R. 42, 50 (Bankr. D. Del. 2002) ("[T]he issue under § 1334(c)(2) is not whether the action would be *more quickly* adjudicated in [Federal] Court than in the state court, but rather, whether the action can be *timely adjudicated* in the state court.").[10]

---

[10] As the Court observed in *Stoe v. Flaherty*, 436 F.3d 209, 214 (3d Cir. 2007), "Section 1334(c)(2) is based on comity and, on its face, reflects a congressional judgment that a party who wishes to litigate a state claim in a state court, but finds himself in federal court solely because the controversy is related to a bankruptcy, should be able to insist upon a state adjudication if that will not adversely affect the bankruptcy proceedings." *See id*. at 214 n.1 (discussing legislative history evidencing that § 1334(c)(2) is based on comity and respect for state law). Refco's plan of liquidation was confirmed over a year ago and the issues to be adjudicated in this action have no bearing on, and will not impede, any remaining administration of the Refco estates.

Dated: January 22, 2007

Respectfully submitted,

By: /s/ Richard I. Werder, Jr.
    Richard I. Werder, Jr.
    Michael B. Carlinsky
    Susheel Kirpalani
    Sascha N. Rand
    Quinn Emanuel Urquhart Oliver & Hedges LLP
    51 Madison Avenue, 22nd Floor
    New York, New York  10010
    Tel:  (212) 849–7000
    Email: *rickwerder@quinnemanuel.com*
          *michaelcarlinsky@quinnemanuel.com*
          *susheelkirpalani@quinnemanuel.com*
          *sascharand@quinnemanuel.com*

Attorneys for Plaintiff Marc S. Kirschner as Trustee of the Refco Litigation Trust